IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

LISA GOSHON

                       Plaintiff                             Case No: 14CV06492

         vs                                         Division:  8

I.C. SYSTEM INC                                  K.S.A. Chapter 60

                        Defendant

SUMMONS

To the above-named defendant:

YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this court. You are required to file your answer to the petition with the court and to serve a copy upon the plaintiff's attorney, as follows:

                           Name:   A. SCOTT WADDELL
                           Address: 2029 WYANDOTTE STE 100
                                     KANSAS CITY, MO 64108
                           Phone:  (816) 221-2555

Within 21 days after service of summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the attached petition, which is incorporated herein by reference. Any related claim which you may have against the plaintiff must be stated as a counterclaim in your answer, or you will thereafter be barred from making such claim in any other action.

*Sandy McCurdy*

Clerk of the District Court

Dated:  October 14, 2014

Johnson County Court House, 100 N. Kansas Ave.  Olathe,  KS 66061

*Clerk of the District Court, Johnson County Kansas*
*10/14/2014 11:03:11 SS*

EXHIBIT A

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL DIVISION

| | | |
|---|---|---|
| LISA GOSHON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No._____ |
| | ) | |
| I.C. SYSTEM, INC. | ) | Division_____ |
| Serve: CT Corporation System | ) | |
|     112 S.W. Seventh Street, Ste. 3C | ) | Chapter 60 |
|     Topeka, KS 66603 | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S PETITION FOR DAMAGES

COMES NOW Plaintiff Lisa Goshon, by and through counsel A. Scott Waddell of the Waddell Law Firm LLC and Bryce B. Bell of Bell Law, LLC, for her Petition for Damages against Defendant I.C. System, Inc. states as follows:

## JURISDICTION & VENUE

1.    Jurisdiction and venue in the District Court of Johnson County are proper in that Plaintiff is a resident of Johnson County, Kansas and Defendant attempted to enforce a consumer transaction and collect an alleged debt from Plaintiff in Johnson County, Kansas. K.S.A. § 50-638 (b) *Venue* states, in full: "Every action pursuant to this act [Kansas Consumer Protection Act] shall be brought in the district court of any county in which there occurred an act or practice declared to be a violation of this act, or in which the defendant resides or the defendant's principal place of business is located. If the defendant is a nonresident and has no principal place of business within this state, then the non-resident can be sued either in the district court of Shawnee county or in the district court of any county in which there occurred an act or practice declared to be a violation of this act".

1

## PARTIES

2.      Plaintiff Lisa Goshon ("Lisa" or "Plaintiff") is a person that resides in Prairie Village, Kansas.

3.      Lisa is a "consumer" under the Kansas Consumer Protection Act ("KCPA"), specifically K.S.A. § 50-624 (b).

4.      Lisa is also a "consumer" under the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692 a(3).

5.      Defendant I.C. System, Inc., ("I.C. System") is a "supplier" under the KCPA, specifically K.S.A. § 50-624 (l).

6.      Defendant I.C. System is also a "debt collector" as defined by the FDCPA, specifically 15 U.S.C. § 1692 a(6).

7.      Defendant I.C. System is a limited liability company from Minnesota and is registered to do business in the State of Kansas as a foreign limited liability company.  I.C. System can be served by serving its resident agent CT Corporation System at 112 S.W. Seventh Street, Ste. 3C, Topeka, KS, 66603.

## FACTUAL HISTORY

8.      From January 2011 up to the month of April 2014, Lisa Goshon was a subscriber of Time Warner Cable ("Time Warner") internet service.  Plaintiff intends to amend this suit to add Time Warner as a party defendant.  However, when a search of Time Warner is performed with the Kansas Secretary of State's Office, eight different Time Warner corporate entities show up, including Time Warner Cable Business LLC, Time Warner Cable Enterprises LLC, Time Warner Cable Inc. (withdrawn), Time Warner Cable Information Services (Kansas), LLC, Time

2      *Clerk of the District Court, Johnson County Kansas*
       *10/13/14  10:31am SS*

Warner Cable Internet LLC, Time Warner Cable Midwest LLC, TWC Communications, LLC and TWC/Comcast Kansas City Cable Advertising, LLC.

9.      As part of the subscription, Lisa made timely payments every month of $37.32 for the internet service and an internet modem lease.

10.     After ending her subscription, Lisa promptly returned to Time Warner the leased internet modem.

11.     Lisa received proof of the return in the form of a receipt.

12.     The receipt shows that the modem was returned on April 7, 2014 at 3:22 PM.

13.     The identification number printed on the receipt is 2942018.

14.     The receipt clearly states the word "RETURNED" to describe the equipment's "ISSUE" status.

15.     Lisa received an invoice in May 2014 attempting to collect $130.28 for "unreturned equipment".

16.     On May 13, 2014, Lisa received a letter from I.C. System, Inc. The letter explained that her account had been forwarded to I.C. System, Inc. from Time Warner.

17.     In the letter, I.C. System demanded Lisa either return the equipment or pay them $130.28.

18.     Lisa received another letter in June from Time Warner attempting to collect the debt for the alleged unreturned equipment.

19.     In an attempt to informally resolve this matter, Lisa sent a fax to Time Warner Cable. The fax contained the invoice issued from Time Warner in June of 2014 as well as the receipt showing that Lisa returned the equipment to the Prairie Village, Kansas location on April

3

7, 2014. The receipt also contained a statement from Lisa putting Time Warner Cable on notice to stop harassing her or she would be forced to take legal action.

20.     On August 12, 2014, Lisa's counsel sent a *Nelson v. Miller* demand letter to I.C. System offering to settle its violations of the Kansas Consumer Protection Act ("KCPA") and the Fair Debt Collection and Practices Act ("FDCPA") prior to filing this lawsuit.

21.     On October 1, 2014, over a month after the stated deadline for I.C. System to respond, counsel for I.C. system responded via e-mail generally denying the allegations. I.C. system agreed to close the account, but refused Plaintiff's other demands necessitating the filing of this lawsuit.

22.     The Kansas Supreme Court has previously held that debt collection activities fall within the definition of a "supplier" and are subject to the provisions of the Kansas Consumer Protection Act. *State ex rel. Miller v. Midwest Serv. Bur. of Topeka, Inc.*, 229 Kan. 322, 329, 623 P.2d 1343, 1349 (1981).

23.     Defendant I.C. System is vicariously liable for the actions and omissions of its employees and/or agents.

COUNT ONE
**BREACH OF THE KANSAS CONSUMER PROTECTION ACT**
**DECEPTIVE AND UNCONSCIONABLE ACTS AND PRACTICES**
Defendant I.C. System, Inc.

24.     Plaintiff, for this Count I of Plaintiff's Petition for Damages against Defendant I.C. System, Inc. incorporates the previous paragraphs as if wholly set forth herein.

25.     Defendant I.C. System is a "supplier" under the KCPA, specifically K.S.A. § 50-624 (l).

26.     Plaintiff was a "consumer" under the KCPA, specifically K.S.A. § 50-624 (b).

27.     The Defendant's attempts to collect a debt and enforce a consumer transaction against Plaintiff constitute a "consumer transaction" under the KCPA, specifically K.S.A. § 50-624 (c).

28.     Plaintiff has been damaged and is "aggrieved" pursuant to the KCPA as a result of Defendant's conduct.

29.     The KCPA should be liberally construed to promote its policies of protecting consumers against suppliers that commit deceptive and unconscionable practices. K.S.A. § 50-623; *Williamson v. Amrani*, 283 Kan. 227, 234, 152 P.3d 60, 67 (2007).

30.     Defendant's violations of K.S.A. § 50-626, Deceptive Acts and Practices, include, but are not limited to:

(a)     The supplier (generally) made false and/or misleading representations, knowingly or with reason to know, of fact, in violation of K.S.A. § 50-626 (a);

(b)     The supplier made willful use, in oral or written representations, of an exaggeration, falsehood, innuendo or ambiguity as to a material fact, in violation of K.S.A. § 50-626 (b)(2);

(c)     The supplier committed deceptive acts and/or practices in violation of K.S.A. § 50-626 including, but not limited to:

1.     Claiming that Plaintiff owes an alleged debt in the amount of $130.28 when she does not owe anything;

2.     Falsely representing the character and legal status of the alleged debt in the May 13, 2014 letter as belonging to Plaintiff for a modem already returned;

3.     Continuing to collect on an erroneous debt proven not to belong to Plaintiff on her receipt for the equipment numbered 2942018 and marked "RETURNED";

4.     Engaging in behavior designed to confuse Plaintiff in an attempt to collect the alleged debt; and

5.     Engaging in a pattern of conduct, when taken in its totality, is deceptive.

31.    Defendant's violations of K.S.A. § 50-627, Unconscionable Acts and Practices, include, but are not limited to:

(a) generally making unconscionable representations and/or misrepresentations, and/or engaging in unconscionable conduct, in violation of K.S.A. § 50-627 (a) including, but not limited to:

    1.  Claiming the amount of the alleged debt, $130.28, as Plaintiff's when it is not actually hers;

    2.  Falsely representing the character and legal status of the alleged debt in the May 13, 2014 letter as belonging to Plaintiff for a modem already returned;

    3.  Continuing to collect on an erroneous debt proven not to belong to Plaintiff on her receipt for the equipment numbered 2942018 and marked "RETURNED";

    4.  Engaging in behavior designed to confuse Plaintiff in an attempt to collect the alleged debt; and

    5.  Engaging in pattern of conduct, when taken in its totality, is unconscionable.

(b)    Taking advantage of the inability of the consumer to reasonably protect the consumer's interests because of the consumer's ignorance of the law, in violation of K.S.A. § 50-627 (b)(1).

32.    For the benefit of the general public, Plaintiff requests and is entitled to an injunction calculated to curb and prevent Defendant I.C. System from continuing their practices of violating the Kansas Consumer Protection Act by engaging in the acts and practices set forth above.

WHEREFORE, for Count I of Plaintiff's Petition for Damages, Plaintiff respectfully prays that this Court enter judgment against Defendant I.C. System as follows:

a.    Statutory damages in the amount of $10,000.00 for every violation of the Kansas Consumer Protection Act per K.S.A. § 50-636 (a);

b.   An injunction preventing the Defendant from continuing to violate the Kansas Consumer Protection Act;

c.   Plaintiff's costs and legal fees at $350.00 per hour for Mr. Waddell and $300.00 per hour for Mr. Bell in maintaining this action per K.S.A. § 50-634(e);

d.   Pre and post-judgment interest at the greatest rate allowed by the State of Kansas; and

e.   Any other relief which the Court may deem just and proper.

## COUNT TWO
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### Defendant I.C. System

33.   Plaintiff, for this Count II of Plaintiff's Petition for Damages against Defendant I.C. System, Inc., incorporates the previous paragraphs as if wholly set forth herein.

34.   As detailed above, Plaintiff is a consumer and Defendant is a debt collector under the FDCPA.

35.   The FDCPA should also be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Financial Systems, Inc.*, 839 F.Supp. 941, 944 (D. Conn. 1993); *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).

36.   Defendant I.C. System violated the FDCPA.   Defendant's violations of the FDCPA include, but are not limited to, the following;

(a)   The amount of debt, $130.28, I.C. System claims Plaintiff owes to it, when it is not actually her debt is a false, deceptive and misleading representation and means to collect the debt, in violation of 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692f(1);

(b)   The Time Warner debt is not Plaintiff's as alleged by I.C. System in its May 13, 2014 letter attempting to collect on an item Plaintiff returned to Time Warner. Thus, I.C. System is falsely representing the character and legal status of the alleged debt, violating 15 U.S.C. § 1692e(2); and

(c)      Continuing to attempt collection on an erroneous debt not owed by Plaintiff for a modem she returned to Time Warner, as indicated "RETURNED" on receipt number 2942018, is an unfair and unconscionable means to attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692f.

WHEREFORE, for Count III of Plaintiff's Petition for Damages, Plaintiff respectfully prays that this Court enter judgment against Defendant I.C. System as follows:

a.      Statutory Damages of $1,000.00 for each violation of the FDCPA;

b.      Plaintiff's costs in maintaining this action pursuant to 15 U.S.C. § 1692k(a)(3);

c.      Reasonable attorney's fees at $350.00 per hour for Mr. Waddell and $300.00 per hour for Mr. Bell pursuant to 15 U.S.C. § 1692k(a)(3);

d.      Pre and post-judgment interest at the greatest rate allowed by the State of Kansas; and

e.      Any other relief which the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff and demands a jury trial on all issues so triable pursuant to K.S.A. § 60-238.

*Clerk of the District Court, Johnson County Kansas*
*10/13/14  10:31am SS*

Respectfully submitted,


/s/ Bryce B. Bell
Bryce B. Bell          KS # 20866
Bell Law, LLC
2029 Wyandotte, Ste. 100
Kansas City, Missouri 64108
Telephone: 816-221-2555
Facsimile: 816-221-2508
Bryce@BellLawKC.com
*Attorney for Plaintiff*


/s/ A. Scott Waddell
A. Scott Waddell       MO # 53900
Waddell Law Firm LLC
2029 Wyandotte Street, Suite 100
Kansas City, Missouri 64108
Telephone: 816-221-2555
Facsimile: 816-221-2508
scott@aswlawfirm.com
*Attorney for Plaintiff*