IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| LISA GOSHON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-cv-2572-CM-TJJ |
| | ) | |
| | ) | |
| I.C. SYSTEM, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Second Motion for Leave to Amend Complaint (ECF No. 36). Plaintiff requests leave to amend her complaint to add counts for violations of the Kansas Consumer Protection Act against Defendant Time Warner Cable Pacific West LLC ("Time Warner"). As explained below, the Court grants the motion.

**Factual Background**

In this removal action, Plaintiff's original petition asserts a claim for violation of the Kansas Consumer Protection Act ("KCPA"), K.S.A. 50-624 *et seq.*, and a claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, against Defendant I.C. System, Inc.[1] In her petition, Plaintiff stated her intent to add Time Warner as a party defendant as soon as she was able to ascertain the correct company from among the various Time Warner entities registered to do business in Kansas. Plaintiff's petition asserts that she subscribed to Time Warner's internet service from January 2011 until April 2014, and that after she ended

---

[1] *See* Plaintiff's Petition for Damages (ECF No. 1-1) at 2.

her subscription she promptly returned to Time Warner the internet modem she had leased from the company. Plaintiff retained her receipt, dated April 7, 2014, which verifies that she returned the modem. The following month, however, Plaintiff received an invoice from Time Warner for $130.28 for unreturned equipment.

Time Warner forwarded collection of Plaintiff's account to Defendant I.C. System, Inc. On May 13, 2014, Plaintiff received a letter from I.C. System, Inc. with a demand that she return the equipment or pay the invoice amount. The following month, she received yet another letter from Time Warner demanding the invoice amount. Plaintiff responded by faxing a copy of her receipt for the modem, along with a statement putting Time Warner on notice that she would take legal action if Time Warner did not stop harassing her.

On August 12, 2014, Plaintiff's counsel sent a demand letter to I.C. System, Inc., offering to settle Plaintiff's claims for violations of the KCPA and FDCPA prior to filing suit. I.C. System, Inc.'s counsel ultimately sent an email message denying Plaintiff's allegations, agreeing to close the account, but refusing Plaintiff's other demands. On or about October 14, 2014, Plaintiff filed this action against I.C. System, Inc. in the District Court of Johnson County, Kansas. On November 12, 2014, I.C. System, Inc. served its notice of removal.[2]

On March 9, 2015, Plaintiff filed a motion seeking leave to file an amended complaint to add Time Warner as a defendant on the KCPA count.[3] On March 23, 2015, the undersigned Magistrate Judge granted her motion as unopposed.[4] On May 5, 2015, Time Warner filed its

---

[2] ECF No. 1.

[3] ECF No. 14.

[4] ECF No. 16.

answer,[5] and on June 30, 2015, it filed a motion to compel arbitration.[6]  On July 6, 2015, I.C. System, Inc. filed a motion for summary judgment.[7]  On July 27, the presiding District Judge denied without prejudice both Defendants' motions pending a ruling on the instant motion.[8]

In Plaintiff's Second Motion for Leave to Amend Complaint, she asserts that she first learned of her alleged duty to arbitrate on May 5, 2015, when Time Warner's answer included an affirmative defense of lack of jurisdiction due to a contractual arbitration provision.[9]  Plaintiff seeks to counter that affirmative defense by adding two new counts against Time Warner: (1) an individual count alleging KCPA deceptive and unconscionable violations in relation to the arbitration agreement; and (2) a count seeking injunctive relief under the KCPA in relation to the arbitration agreement and statute of limitations clause in Time Warner's Residential Services Subscriber Agreement ("RSSA").  Time Warner opposes the motion, arguing that Plaintiff's proposed amendments are futile because Plaintiff is mistaken in her belief that Time Warner seeks to compel binding arbitration pursuant to the American Arbitration Association's ("AAA") Commercial Rules, as opposed to AAA's Consumer Rules.

## II.   Legal Standard

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading "once as a matter of course" before trial if they do so within: (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a

---

[5] ECF No. 22.

[6] ECF No. 30.

[7] ECF No. 32.

[8] ECF No. 38.

[9] *See* ECF No. 22 at 5.

responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[10]  Other amendments are allowed "only with the opposing party's written consent or the court's leave."[11]  Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[12]  The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[13]  The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[14]

If a proposed amendment would not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or fails to state a claim upon which relief may be granted, the court may deny leave to amend.[15]  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[16]  A complaint or amendment thereof need only make a statement of the claim and provide some factual support to

---

[10] Fed. R. Civ. P. 15(a)(1).

[11] Fed. R. Civ. P. 15(a)(2).

[12] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[13] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[14] *Id.* (quoting *Foman*, 371 U.S. at 182).

[15] *Mochama v. Butler Cnty., KS,* No. 14-2121-KHV-TJJ, 2014 WL 3767685, at *1 (D. Kan. July 31, 2014) (citing *Fulton v. Advantage Sales & Mktg., LLC*, No.3:11-CV-01050-MO, 2012 WL 5182805, at *2 (D. Or. Oct. 18, 2012)).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 570 (2007)).

withstand dismissal.[17] It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[18] The party opposing the amendment has the burden of showing the proposed amendment is futile.[19]

## III. Analysis

Reviewing Plaintiff's proposed Second Amended Complaint under these standards, the Court finds that the proposed amendment is not futile. Regardless of the accuracy or inaccuracy of Time Warner's representation as to which rules the AAA would apply to an arbitration involving these parties, Plaintiff's amendment alleges causes of action that may not be subject to the arbitration provision of Time Warner's RSSA.

### Effect of the RSSA Arbitration Clause

Keeping in mind that Time Warner has the burden of showing that Plaintiff's proposed amendment is futile, the Court finds that on its face the RSSA does not preclude Plaintiff from asserting claims under the KCPA in Counts Three and Four. The operative section of the RSSA includes the following provision: "Only claims for money damages may be submitted to arbitration; claims for injunctive orders or similar relief must be brought in a court (other than claims relating to whether arbitration is appropriate, which will be decided by an arbitrator, not a court). You may not combine a claim that is subject to arbitration under this Agreement with a claim that is not eligible for arbitration under this Agreement."[20] In both of Plaintiff's proposed

---

[17] *Twombly*, 550 U.S. at 555.

[18] *Id.* at 556.

[19] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

[20] ECF No. 31-3 at 12.

new counts, she seeks injunctive and other relief.[21] Under Section 15(b) of the RSSA, Time Warner excludes from arbitration any claims which seek "injunctive orders or similar relief;" instead, whether it be Time Warner or a customer seeking injunctive relief, the RSSA directs the aggrieved party to file in court any claim for injunctive relief that the party may have. And although Time Warner may argue that the RSSA forbids Plaintiff from combining claims that the RSSA determines are arbitrable with claims that the RSSA deems as non-arbitrable, the Court questions whether Time Warner may dictate a result that would subject a customer to the preclusive effect of res judicata. Time Warner's position is that Plaintiff agreed to arbitrate by becoming a Time Warner customer, and consequently Plaintiff's claims should be decided by the AAA arbitrator. If the parties proceeded to arbitration on Plaintiff's claim for damages and Plaintiff later filed suit seeking injunctive relief, it is unlikely that her lawsuit would be well received. "It is well-settled that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the prior action. This principle applies equally to claims arbitrated."[22]

The Court concludes that the RSSA arbitration provision does not render futile Counts Three and Four of Plaintiff's proposed amended complaint.

### AAA Rules

Time Warner contends that contrary to the language of the RSSA, arbitration with Plaintiff would proceed under the AAA's Consumer Rules. Time Warner bases its contentions on the AAA's rules, which state that the AAA will apply its Consumer Rules in this situation notwithstanding any reference in the agreement to the Commercial Rules. Accordingly, Time

---

[21] Plaintiff also seeks statutory damages in her proposed Count Three.

[22] *B-S Steel of Kansas, Inc. v. Texas Indus., Inc.*, 327 F. Supp. 2d 1252, 1261 (D. Kan. 2004).

Warner argues, Plaintiff's proposed Count Four is futile because it is based on Plaintiff's mistaken belief that Time Warner seeks to compel arbitration pursuant to the Commercial Rules.

However, Plaintiff's proposed Count Four does not display any mistaken belief. On the contrary, Plaintiff alleges that Time Warner "includes the Commercial Rules in its Arbitration Clause in an attempt to deceive, intimidate, and deter consumers from bringing valid claims against it."[23] Included in the relief Plaintiff requests in this count is a permanent injunction "[r]equiring Defendant Time Warner to conspicuously disclose the applicability of the Consumer Rules in its Arbitration Agreement."[24] As such, Plaintiff has properly stated a claim for relief that is plausible on its face. For purposes of deciding a motion to amend, it does not matter how likely or unlikely Plaintiff is to actually receive the relief she requests. Plaintiff's proposed Count Four is not futile.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Second Motion for Leave to Amend Complaint (ECF No. 36) is granted. Plaintiff shall electronically file her proposed Second Amended Complaint within **seven (7) days** of the date of this Order.

IT IS SO ORDERED.

Dated this 21st day of October, 2015, at Kansas City, Kansas.

s/ Teresa J. James<br>
Teresa J. James<br>
U. S. Magistrate Judge

---

[23] ECF No. 36-1 at 14.

[24] *Id.* at 15.