**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LISA GOSHON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>I.C. SYSTEM, INC. and TIME WARNER )<br>CABLE PACIFIC WEST, LLC, )<br>)<br>Defendants. )<br>_____) | Case No. 14-2572-CM |

## MEMORANDUM AND ORDER

Plaintiff Lisa Goshon brings this action claiming that defendants I.C. System, Inc. ("ICS") and Time Warner Cable Pacific West, LLC, d/b/a Time Warner Cable ("Time Warner"), violated Kansas statutes related to debt collection as well as the Fair Debt Collection Practices Act. Specifically, plaintiff claims that ICS and Time Warner tried to collect a debt she did not owe—$130.28 for a modem that she had already returned. ICS moved for summary judgment (Doc. 44), arguing that it sent one letter to collect the debt and closed the file before plaintiff filed suit. For the following reasons, the court grants ICS's motion.

**I.  Procedural and Factual Background**

ICS asks the court to find all of its proposed facts uncontroverted because plaintiff filed her response brief out of time without asking for leave to do so or explaining why it was late. Plaintiff's response brief was due on September 21, 2015, but plaintiff failed to file her brief until September 25, 2015. September 25 was twenty-one days from the date defendant filed its motion, which is the ordinary response time for a dispositive motion. *See* D. Kan. R. 6.1. But here, the court specifically set a response date for the motion (which was a second filing by ICS—largely identical to its first

-1-

filing): fifteen days after the motion was refiled.  Because plaintiff failed to comply with the court's order, the court would be justified in disregarding plaintiff's brief and considering ICS's proposed facts uncontroverted.  *See* D. Kan. R. 7.4(b) ("Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified . . . waives the right to later file such brief" and the "court will consider and decide the motion as an uncontested motion.").

In the interest of justice, the court will not disregard plaintiff's brief.  Although plaintiff did not explain her oversight of the deadline, the delay was slight (four days), and defendant was not prejudiced.  The court prefers to resolve cases on their merits, and the court will consider the content of all briefs in deciding ICS's motion.

Plaintiff requests that the court find that ICS's motion is premature because there has been insufficient discovery.  Plaintiff complains that ICS refused to meaningfully participate in discovery, and asks the court to deny ICS's motion based on Fed. R. Civ. P. 56(d).  To that end, plaintiff's counsel submitted an affidavit indicating that most facts are unavailable to plaintiff because ICS frivolously objected to all or nearly all discovery responses.

Plaintiff's request is improper at this stage of the case.  Discovery is complete.  (Doc. 58 at 7.) Plaintiff did not comply with the procedures of D. Kan. R. 37.2 or Fed. R. Civ. P. 37(a)(1) to resolve any discovery disputes. Any complaints plaintiff had with ICS's discovery responses should have been resolved between the parties or before the magistrate judge long before now.  The magistrate judge has entered a pretrial order, and the case is set for trial in June 2016.  Rule 56(d) does not justify denying ICS's motion in this instance.  And in any event, counsel's affidavit does not fully comply with Rule 56(d).

The court now turns to the uncontroverted, material facts, viewed in the light most favorable to plaintiff.

- **April 7, 2014:** Plaintiff returned an internet modem to Time Warner Cable.
- **May 12, 2014:** Time Warner Cable sent plaintiff's account to ICS for collection. The account documentation included the amount of the debt ($130.28), the reason for the debt (an unreturned internet modem), and the creditor (Time Warner Cable).
- **May 13, 2014:** ICS sent a collection letter to plaintiff. The letter requested that plaintiff return the equipment to Time Warner Cable or pay $130.28. It also advised her that ICS would assume the debt was valid unless plaintiff notified the office within thirty days that she disputed the validity of the debt. Further, if plaintiff disputed the debt, ICS would verify the debt and send plaintiff verification.
- **August 12, 2014:** Plaintiff's counsel sent a letter to ICS, informing it that plaintiff did not owe the debt because she had returned the modem.
- **October 1, 2014:** ICS closed plaintiff's account and returned it to Time Warner Cable.
- **October 13, 2014:** Plaintiff filed this lawsuit against ICS.

## III. Analysis

The question before the court is whether the series of events above—centering around one collection letter—is sufficient to subject ICS to liability under either Kansas law or federal law.

A. Kansas Law

*1. Kan. Stat. Ann. § 50-626*

Plaintiff claims that she alleges (1) general violations of Kan. Stat. Ann. § 50-626(a); (2) violations of § 50-626(a) that were made knowingly or with reason to know; and (3) violations of § 50-626(b)(2). Subsection (a) of § 50-626 prohibits suppliers from "engag[ing] in any deceptive act or

-3-

practice in connection with a consumer transaction." Subsection (b) then lists illustrative acts and practices that qualify as "deceptive." *Moore v. Bird Eng'g Co., P.A.*, 41 P.3d 755, 763 (Kan. 2002). Significantly, each of acts identified in subsection (b) requires, at a <u>minimum</u>, that a violator take the actions listed "with reason to know." Many require that the acts be done intentionally or willfully. The list is not exhaustive, but the nature of the actions listed in subsection (b) should inform the types of other actions that constitute "deceptive acts."

Plaintiff attempts to lower her burden of proof by relying on § 50-626(a) to eliminate any requirement that ICS at least had "reason to know" that plaintiff did not owe Time Warner any money. But taking away this minimum requirement changes the meaning of the word "deceptive." To read subsection (a) to permit a cause of action for <u>any</u> incorrect communication—even one that gives the recipient a reasonable opportunity to dispute the facts before further action is taken—would expand the reach of the KCPA beyond deceptive conduct. This interpretation is supported by the Kansas Pattern Jury Instructions, which offer instructions only for the various violations enumerated in subsection(b)—not subsection (a) alone. *See, e.g.*, P.I.K. 129.01–129.09.

Plaintiff cites no case law in support of her assertion that a practice can be deceptive without a minimum "reason to know" showing. Instead, she cites only a case that states that whether a party engaged in a deceptive act is typically a jury question. *See, e.g.*, *State ex rel. Kline v. Berry*, 137 P.3d 500, 506 (Kan. Ct. App. 2006). Contrary to plaintiff's unsupported assertion, the Kansas Court of Appeals held in *Porras v. Bell* that § 50-626 does require some level of intent. 857 P.2d 676, 678 (Kan. Ct. App. 1993).

Because subsection (a) does not offer a cause of action with a lower burden of proof than the violations listed in subsection (b), plaintiff's argument fails. She cannot show deception without a minimum showing that ICS had reason to know that the debt was not owed. The record contains no

evidence from which a reasonable jury could infer that ICS knew or had reason to know that plaintiff did not owe the debt. To the contrary, although ICS's letter informed plaintiff that she could dispute the debt within thirty days, plaintiff did not communicate with ICS in any fashion for nearly three months. And less than two months later—without attempting to collect the alleged debt another time—ICS closed the account. At most, plaintiff may be able to show that ICS was incorrect in stating that she owed money on the Time Warner account. But this is not sufficient to state a claim under the KCPA. Where a record is "devoid of any evidence of deceptive or oppressive practices overreaching, intentional misstatements, or concealment of facts," there is no claim under the KCPA. *Gonzales v. Assocs. Fin. Serv. Co. of Kan.*, 967 P.2d 312, 328 (Kan. 1998) (addressing claims under § 50-626(b) (citation omitted)). ICS is entitled to summary judgment on plaintiff's claims under § 50-626.

### 2. *Kan. Stat. Ann. § 50-627*

To prevail on her claim under Kan. Stat. Ann. § 50-627, plaintiff must have some evidence suggesting that ICS's actions were unconscionable. Kan. Stat. Ann. § 50-627 ("No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction."). And "[i]n determining whether an act or practice is unconscionable, the court shall consider circumstances of which the supplier knew or had reason to know . . . ." *Id.* Given that there is no evidence suggesting that ICS had reason to know that plaintiff did not owe the debt, there is no evidence suggesting unconscionability. Plaintiff does not make an argument to the contrary, and summary judgment is granted on this claim.

### B. Federal Law

#### 1. *15 U.S.C. §§ 1692f and 1692f(1)*

15 U.S.C. § 1692f prohibits a debt collector from using "unfair or unconscionable means" in attempting to collect a debt. The following subsections of the statute (including subsection (1)) give

examples of ways a debt collector may violate the statute. Subsection (1) prohibits the "collection of any amount . . . unless such an amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

The court determines that no reasonable juror could find that sending a single letter—which included notice that plaintiff could dispute the debt within thirty days—constitutes using unfair or unconscionable means to collect a debt. This is true even if the debt is not owed.

The court finds persuasive the reasoning in *Fong v. Franklin Collection Services, Inc.*, No. 12-1666, 2012 WL 3581171, at *4 (N.D. Ill. Aug. 16, 2012). In *Fong*, the defendant sent one letter to the plaintiff in an effort to collect a debt. *Id.* at *1. The plaintiff claimed that she did not owe the debt and brought suit under §§ 1692f and f(1). The court held that subsection (1) focuses on the "means used to collect a debt." *Id.* at *4. There, as here, the means were a single letter. The court held that regardless of whether the debt collector falsely stated the amount owed, the letter complied with § 1692g(a) (which requires notification of the right to dispute the debt). *Id.*

The *Fong* rationale applies equally here. ICS sent one letter and gave plaintiff an opportunity to dispute the debt. Even if ICS was wrong, ICS's conduct constitutes neither unfair nor unconscionable means. For these reasons, ICS is entitled to summary judgment on plaintiff's claims under 15 U.S.C. §§ 1692f and 1692f(1).

       *2.        15 U.S.C. §§ 1692e(2) and 1692e(10)*

15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . . .
>
> (2) The false representation of--
>     (A) the character, amount, or legal status of any debt; or
> . . . .

-6-

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

If a party violates one of these provisions, he may avoid liability by establishing that the bona fide error defense applies. For this defense to apply, the party must show that the violation was "(1) unintentional, (2) a bona fide error, and (3) made despite the maintenance of procedures reasonably adapted to avoid the error." *Johnson v. Riddle*, 443 F.3d 723, 727–28 (10th Cir. 2006). In other words, if a debt collector reasonably relies on a creditor to accurately report a debt, then the debt collector may escape liability. *See, e.g.*, *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006).

The uncontroverted facts show that ICS did not intentionally violate federal law. The information ICS received from Time Warner indicated that plaintiff owed a balance on her account. Any initial attempt at collection, therefore, was made in good faith. If, as plaintiff claims, plaintiff did not owe the debt, then ICS made a mistake. But there is no evidence in the record suggesting that the mistake was anything but genuine. It was a bona fide error. And finally, ICS submitted evidence of its procedures implemented to avoid this and similar errors. Plaintiff disputes that this evidence is sufficient to show that the procedures are reasonable, but the court disagrees. ICS followed the procedure set out by statute to give alleged debtors a chance to challenge whether they owe the debts claimed. There is no requirement that a debt collector immediately investigate the validity of a debt before giving the debtor an opportunity to dispute the debt. *See* 15 U.S.C. § 1692g(a) (requiring the debt collector to verify the debt only after receiving a written notification of dispute from the consumer within thirty days).

Plaintiff cannot prevail on any of her claims against ICS. As a final note, plaintiff also mentions 15 U.S.C. § 1692d (addressing harassment or abuse) in her response brief. (Doc. 48 at 12.)

Plaintiff does not analyze how sending one letter can serve as conduct "the natural consequence of which is to harass, oppress, or abuse any person . . . ." 15 U.S.C. § 1692d. She merely states that whether ICS's conduct meets this standard is a question of fact. Again, the court disagrees. Under the facts of this case, ICS's conduct does not—as a matter of law—rise to the degree required by § 1692d to have the "natural consequence" of harassing, oppressing, or abusing a person. The motion for summary judgment is granted.

**IT IS THEREFORE ORDERED** that ICS's motion for summary judgment (Doc. 44) is granted. ICS is no longer a defendant in this case.

Dated this 24th day of February, 2016, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**