IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LISA GOSHON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 14-2572-CM |
| I.C. SYSTEM, INC. and TIME WARNER ) | |
| CABLE PACIFIC WEST, LLC, d/b/a ) | |
| TIME WARNER CABLE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Lisa Goshon brings this action, claiming that defendants I.C. System, Inc. ("ICS") and Time Warner Cable Pacific West, LLC, d/b/a Time Warner Cable ("Time Warner"), violated Kansas statutes related to debt collection as well as the Fair Debt Collection Practices Act. Specifically, plaintiff claims that ICS and Time Warner tried to collect a debt she did not owe—$130.28 for a modem that she had already returned. Time Warner moved for summary judgment (Doc. 56), arguing that there is no evidence to support plaintiff's claim that Time Warner engaged in deceptive or unconscionable acts that injured plaintiff. The court has already granted summary judgment in favor of ICS. (Doc. 66.) For the following reasons, the court also grants Time Warner's motion.

**I.     Procedural and Factual Background**

This case contains no remaining federal claims. ICS initially removed the case from state court based on federal question jurisdiction. (Doc. 1.) Because no federal claims remain, the court would be justified in remanding the case to state court. But the case is set for trial in June 2016, and the court has already ruled on ICS's summary judgment regarding other state law claims. In the interest of justice, therefore, the court will retain supplemental jurisdiction over the state law claims against Time

-1-

Warner. *See United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1222 (10th Cir. 2000) ("Once subject matter jurisdiction exists, a district court has constitutional authority to hear related state claims even if the federal claim is later dismissed by the district court or by this court on appeal.").

In plaintiff's response to Time Warner's summary judgment motion, plaintiff suggests that she should be allowed to engage in additional discovery. Plaintiff's request is improper at this stage of the case. Discovery is complete. (Doc. 58 at 7.) This motion for summary judgment is ripe for ruling, and plaintiff did not comply with Fed. R. Civ. P. 56(d) to defer or deny the motion. The magistrate judge has entered a pretrial order, and the case is set for trial in a few months. The court will therefore proceed to decide the motion on the properly-supported, uncontroverted, and material facts before it. The following facts are viewed in the light most favorable to plaintiff.

- **January 7, 2011:** A Time Warner technician installed an internet modem at plaintiff's home. At that time, plaintiff signed a work order, where she agreed to the terms of the Time Warner Residential Services Subscriber Agreement ("RSSA"). The work order states in relevant part, "extra model since cust[omer] did not have hers [at] install." The RSSA provides that equipment issued to subscribers remains the property of Time Warner and that subscribers must either return the equipment or pay a fee if they fail to do so. The RSSA also references the American Arbitration Association's ("AAA's") commercial rules for arbitration.
- **April 7, 2014:** Plaintiff closed her Time Warner account and returned an internet modem to Time Warner.
- **Beginning in April 2014:** Time Warner sent plaintiff monthly account statements, seeking payment of $130.28 for an unreturned modem.

- **May and June 2014:** Plaintiff called Time Warner several times to dispute the debt, and Time Warner opened more than one equipment return investigation. Time Warner asked plaintiff to provide a receipt or other proof that she had returned the modem referenced in the monthly statements.

- **May 12, 2014:** Time Warner Cable sent plaintiff's account to ICS for collection.

- **May 30, 2014:** Plaintiff told Time Warner that she found the receipt, but she failed to provide the document to Time Warner.

- **August 2014:** Time Warner credited plaintiff's account $130.28 and stopped collection activity.

- **October 6, 2014:** Plaintiff faxed Time Warner a receipt. The fax included the following statement: "Stop harassing us or we will take legal action immediately. Get a new process to track services!! [A]nd returns[.]" (Doc. 57-6 at 2.)

- **October 13, 2014:** Plaintiff filed this lawsuit against ICS. She later added Time Warner as a defendant.

- **May 5, 2015:** Time Warner filed its Answer and Affirmative Defenses to plaintiff's First Amended Complaint. (Doc. 22.) Time Warner asserted the arbitration agreement referenced in the RSSA as an affirmative defense. This was the first time plaintiff learned of the arbitration agreement.

- **November 10, 2015:** Time Warner filed its Answer and Affirmative Defenses to plaintiff's Second Amended Complaint. (Doc. 52). Here, Time Warner abandoned its arbitration defense. It no longer seeks to arbitrate this dispute.

- **All Relevant Times:** The AAA's consumer rules did not exist apart from its commercial rules. They were a supplement to the commercial rules. The AAA enacted consumer rules

> effective September 1, 2014—five months after plaintiff terminated her service with Time Warner.  Plaintiff never instituted an arbitration proceeding against Time Warner.

- **All Relevant Times:**  Neither Time Warner nor ICS ever reported the debt to a credit reporting agency.

## III.   Analysis

The questions before the court are whether (1) the series of events above is sufficient to subject Time Warner to liability under Kansas law; and (2) whether a state-wide injunction is appropriate when plaintiff brings this case only in her individual capacity.

### A.  Kansas Law

Plaintiff claims that Time Warner violated the Kansas Consumer Protection Act ("KCPA") by:

> committing deceptive acts and practices, harassing, oppressing, and/or abusing her, using false, deceptive, and/or misleading representations in claiming that [plaintiff] owed a debt that was not hers, attempting to collect on that alleged debt, colluding with co-[d]efendant [ICS] to create a deceptive situation for continued attempts at collecting the erroneous debt, and using unfair and/or unconscionable means to collect and/or attempt to collect the nonexistent debt.

(Doc. 61 at 18.)  This is the extent of plaintiff's specific argument.  The remainder of plaintiff's brief focuses on why the court should disregard Time Warner's evidence that plaintiff was actually issued two modems.  She makes only minimal reference to the statutes at issue (Kan. Stat. Ann. §§ 50-626 and 50-627) or their specific application to the facts of this case.

In its order on ICS's summary judgment motion, the court discussed at length the requirements of § 50-626.  (Doc. 66 at 3–5.)  The statute prohibits suppliers from "engag[ing] in any deceptive act or practice in connection with a consumer transaction."  Kan. Stat. Ann. § 50-626(a).  Subsection (b) then lists illustrative acts and practices that qualify as "deceptive."  *Moore v. Bird Eng'g Co., P.A.*, 41 P.3d 755, 763 (Kan. 2002).  As the court discussed in its previous order, each of the acts identified in

subsection (b) requires, at a <u>minimum</u>, that a violator take the actions listed "with reason to know." Many require that the acts be done intentionally or willfully.  *See* Kan. Stat. Ann. § 50-626(b).

Plaintiff insists that she did not possess a second modem.  Time Warner has produced evidence that, at some point, plaintiff possessed another modem (in addition to the one she returned).  But regardless of whether plaintiff in-fact owed the debt, Time Warner's actions here do not rise to the level of "deceptive."  The court recognizes that whether an act is deceptive is ordinarily a question of fact for the jury.  *Farrell v. Gen. Motors Corp.*, 815 P.2d 538, 547 (Kan. 1991).  The court may grant summary judgment, however, if there is no deceptive conduct.  *Gonzales v. Assocs. Fin. Serv. of Kan.*, 967 P.2d 312, 328 (Kan. 1998).  And § 50-626 does require some level of intent.  *Porras v. Bell*, 857 P.2d 676, 678 (Kan. Ct. App. 1993).  At most, plaintiff might be able to show that Time Warner was mistaken when it continued to bill her for a short time period.  But Time Warner also investigated plaintiff's claims that she did not owe the money, and asked plaintiff to produce a receipt.  Plaintiff failed to produce the receipt until after Time Warner wrote off the charge and stopped collection activities.  Where a record is "devoid of any evidence of deceptive or oppressive practices overreaching, intentional misstatements, or concealment of facts," there is no claim under the KCPA. *Gonzales*, 967 P.2d at 328 (citation omitted).  Time Warner is entitled to summary judgment on plaintiff's claims under § 50-626.

To prevail on her claim under Kan. Stat. Ann. § 50-627, plaintiff produce some evidence suggesting that Time Warner's actions were unconscionable.  Kan. Stat. Ann. § 50-627 ("No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction.").  The facts discussed above fall far below the threshold of unconscionability.  This case centers on a short-lived disagreement about a relatively-small disputed bill.  There is no evidence suggesting that Time Warner threatened plaintiff, intimidated her, or otherwise harassed her.  Plaintiff cites two cases in

support of her claims (to show that she was aggrieved by Time Warner's actions), but these two cases are dramatically different than the case at hand.  *See, e.g.*, *Caputo v. Prof'l Recovery Serv., Inc.*, 261 F. Supp. 2d 1249, 1260–62 (D. Kan. 2003) (denying summary judgment where the debt collector accused the plaintiff of committing a federal crime and threatened him with criminal charges and a lien); *Lowe v. Surpas Res. Corp*, 253 F. Supp. 2d 1209, 1229 (D. Kan. 2003) (denying summary judgment when the debt collector called the plaintiff a low-life and thief).  These cases do not support denial of summary judgment in this case.  To the contrary, their egregious facts emphasize the lack of supporting facts in this case.  The court grants summary judgment on plaintiff's KCPA claims.

        B.  State-Wide Injunctive Relief

Plaintiff seeks state-wide injunctive relief against Time Warner for including the AAA's commercial rules in its arbitration clause—thereby attempting to intimidate, deter, and deceive customers from bringing claims against Time Warner.  There are three major flaws with plaintiff's claim: (1) she did not bring this case as a putative class action, so she may not bring a claim on behalf of others; (2) she admits that she was unaware of the arbitration clause until well after this case was filed, so she was not deterred from bringing claims; and (3) consumer rules were included in the commercial rules until after plaintiff terminated service with Time Warner.  For these reasons, plaintiff's claim for injunctive relief is not viable.  Summary judgment is also warranted on this claim.

        **IT IS THEREFORE ORDERED** that Time Warner's motion for summary judgment (Doc. 56) is granted.  The case is closed.

        Dated this 16th day of March, 2016, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**